FILED

2015 Oct-30  PM 03:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **WANDA W. CARSON,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | |
| **LVNV FUNDING, LLC,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **DEFENDANT.** | ) | |

_____

## COMPLAINT
_____

This is an action brought by the Plaintiff, Wanda W. Carson, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendant transacted business in this district, and the Plaintiff resides in this district.

## PARTIES

2.      The Plaintiff is a resident and citizen of the State of Alabama,

Jefferson County, and is over the age of twenty-one (21) years.

3.      The Defendant, LVNV Funding, LLC ("LVNV"), is incorporated in

Delaware and was, in all respects and at all times relevant herein, doing business in

the state of Alabama, and is registered to do business in Alabama with the

Alabama Secretary of State.  Plaintiff asserts that Defendant is regularly engaged

in the business of collecting consumer debts from consumers residing in Jefferson

County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §

1692a(6).

## FACTUAL ALLEGATIONS

4.      In approximately 2004, Plaintiff opened a credit card account with

Citibank (South Dakota), N.A., an entity not a party to this suit.

5.      On August 28, 2008, the Citibank credit card account was allegedly

charged off to loss in the amount of $9,810.00.

6.      On or about September 4, 2008, Defendant LVNV allegedly

purchased, was allegedly assigned, or otherwise allegedly acquired the delinquent

and charged off Citibank Account belonging to the Plaintiff.

7.      The last activity on the account pre-dated the charge off and alleged

sale to LVNV in September 2008.

***Bringing suit against Carson outside the applicable statute of limitations***

8.      All events herein occurred in Jefferson County, Alabama.

9.      On or about February 20, 2015, LVNV filed a complaint in Jefferson County Circuit Court against the Plaintiff.  The case was assigned case number CV-15-900693.

10.     In this complaint, LVNV claimed Carson defaulted on an account with Citibank (South Dakota), N.A. ("Citibank") in the amount of $9,810.00.

11.     LVNV further claimed Citibank assigned the rights to Carson's account to LVNV on or about September 4, 2008.

12.     On March 17, 2015, Carson filed an answer denying the allegations brought in LVNV's complaint, including the amount sought and the legality of the complaint due to the statute of limitations.

13.     Also on March 17, 2015, Carson filed a Motion for Summary Judgment seeking the dismissal of all claims LVNV brought against her.  The basis of Plaintiff's summary judgment was that the action filed by LVNV was outside the applicable statute of limitations.

14.     On June 5, 2015, the Court granted Carson's Motion for Summary Judgment thus legally concluding Carson did not owe the amount stated by LVNV and the lawsuit LVNV filed was outside the applicable statute of limitations.

### *Erroneous Accounting Practices*

15.     During litigation, LVNV produced several documents purporting to evidence the debt Carson owed to LVNV.  These documents were produced in an attempt to refute Carson's contention in her motion for summary judgment that the debt was within the statute of limitations.

16.     One of these documents was titled "Account Summary Report" ("Report") and allegedly created on February 24, 2015.

17.     The Report states that it is an attempt to collect a debt.

18.     The Report shows Carson allegedly made a payment of $50.00 toward the account on May 25, 2009.  However, the report further shows that LVNV illegally and without justification added a $50.00 interest charge back into the alleged balance so that the balance on the account did not decrease.

19.     While Plaintiff has no recollection of making any payment as claimed by Defendant, Plaintiff claims that the practice of adding unjustified interest when a consumer makes a payment is done knowingly and intentionally by Defendant in order to maintain a higher balance on the account or in the alternative is done in an attempt to reset statutes of limitations

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

20.     Plaintiff alleges this action was done intentionally to and knowingly to order to increase the balance.

21.     The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

22.     The Defendant has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.*

23.     As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, actual damages, and punitive damages.

## COUNT TWO
## NEGLIGENCE

24.     Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

25.     Defendant knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

26.     Defendant knew or should have known that said conduct was improper.

27.     Defendant negligently failed to prevent and/or participated in improper collection activities.

28.     As a result of the Defendant's negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS

29.     The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

30.     Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

31.     Defendant knew or should have known that said conduct was improper.

32.     Defendant recklessly and wantonly failed to prevent and/or participated in improper collection activities.

33.     As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION

34.     The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

35.     The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

36.     The Defendant knew or should have known that said conduct was improper.

37.     The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

38.     The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to consumer's accounts.

39.     As a result of the Defendant's negligence, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## COUNT FIVE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

40.     The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

41.     The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

42.     The Defendant knew or should have known that said conduct was improper.

43.     The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

44.     The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to consumer's accounts.

45.     As a result of the Defendant's recklessly and wanton conduct, the

Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental

anguish.

## COUNT SIX
## INVASION OF PRIVACY

46.     The Plaintiff adopts the averments and allegations of all the above

paragraphs hereinbefore as if fully set forth herein.

47.     Congress explicitly recognized a consumer's inherent right to privacy

in collection matters in passing the FDCPA, when it stated as part of its findings:

Abusive debt collection practices contribute to the number of personal

bankruptcies, to marital instability, to the loss of jobs, **and to invasions of**

**individual privacy**.  15 U.S.C. § 1692(a) (emphasis added).

48.     The Defendant undertook and/or directed communications to the

Plaintiff constituting an invasion of privacy, as set out and described in the

common law of the State of Alabama.  Said communications were made in

disregard for Plaintiff's right to privacy.  Said communications were made to force,

coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

49.     Said invasions were intentional, willful, and malicious, and violated

Plaintiff's privacy.  Plaintiff avers that the communications were made by

individuals who were the employees of and/or acting on behalf of Defendant.

50.     Said communications constitute the wrongful intrusion into their solitude and seclusion.

51.     As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

## COUNT SEVEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52.     The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

53.     The Plaintiff alleges that the Defendant's actions alleged were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon the Plaintiff and/or were done in reckless disregard of the probability of causing the Plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

54.     As a result of the Defendant's conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demand a judgment against the Defendant as follows:

A.      Declaratory judgment that the Defendant's conduct violated the FDCPA and state law;

B.      Statutory damages of $1,000 from the Defendants for the violations

of the FDCPA (15 U.S.C.§1692k);

C.      Actual and punitive damages for the Defendant's violations of the

FDCPA;

D.      Costs and reasonable attorney's fees from the Defendant pursuant

to 15 U.S.C.§1692k;

E.      Compensatory and punitive damages against Defendant on

Plaintiff's state law claims; and

F.      Such other and further relief that this Court deems necessary, just

and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/S/ W. Whitney Seals
W. WHITNEY SEALS,
Attorney for Plaintiffs

**OF COUNSEL:**
PATE & COCHRUN, LLC
P.O. Box 10448
Birmingham, Alabama 35202-0448
filings@plc-law.com

/S/ John C. Hubbard
JOHN C. HUBBARD,
Attorney for Plaintiffs

**OF COUNSEL:**
JOHN C. HUBBARD, LLC
P.O. Box 953
Birmingham, Alabama 35201
jch@jchubbardlaw.com

**Plaintiff's Address:**
**WANDA CARSON**
808A Tyler Circle
Hoover, AL 35226

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**LVNV FUNDING LLC**
C/O CSC-Lawyers Incorporating SVC, Inc.
150 South Perry Street
Montgomery, Alabama 36104