# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WANDA W. CARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | 2:15-CV-01937-SGC |
| LVNV FUNDING, LLC, ) | |
| ) | |
| Defendant. ) | |

### ANSWER TO COMPLAINT BY DEFENDANT LVNV FUNDING, LLC

COMES NOW the Defendant, LVNV Funding, LLC (hereinafter "LVNV"), and Answers the Complaint in this matter as follows:

### ANSWER

This is an action brought by the Plaintiff, Wanda W. Carson, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein

**ANSWER: To the extent an answer is required, denied.**

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendant transacted business in this district, and the Plaintiff resides in this district.

**ANSWER: The Defendant does not contest jurisdiction, but has insufficient evidence to admit venue is proper.**

## PARTIES

2. The Plaintiff is a resident and citizen of the State of Alabama, Jefferson County, and is over the age of twenty-one (21) years

**ANSWER: The Defendant has insufficient information to either admit or deny this averment.**

3. The Defendant, LVNV Funding, LLC ("LVNV"), is incorporated in Delaware and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State. Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

**ANSWER: The Defendant admits it is incorporated in Delaware and is registered to do business in Alabama with the Alabama Secretary of State but denies all remaining allegations in paragraph #3 and demands strict proof thereof.**

## FACTUAL ALLEGATIONS

4. In approximately 2004, Plaintiff opened a credit card account with Citibank (South Dakota), N.A., an entity not a party to this suit.

**ANSWER: Defendant admits that in approximately 2004, Plaintiff opened a credit card account with Sears whose underwriter was Citibank (South Dakota), N.A., an entity not a party to this suit.**

5. On August 28, 2008, the Citibank credit card account was allegedly charged off to loss in the amount of $9,810.00.

**ANSWER:  Defendant admits on August 28, 2008 Plaintiff's Citibank credit card**

**account was charged off to the loss amount of $9,810.00.**

6. On or about September 4, 2008, Defendant LVNV allegedly purchased, was allegedly assigned, or otherwise allegedly acquired the delinquent and charged off Citibank Account belonging to the Plaintiff.

**ANSWER: The Defendant admits it was assigned the Plaintiff's delinquent and charged off Citibank account on September 4, 2007, but denies all remaining allegations in Paragraph #6 and demands strict proof thereof.**

7. The last activity on the account pre-dated the charge off and alleged sale to LVNV in September 2008.

**ANSWER: Denied.**

**<u>Bringing suit against Carson outside the applicable statute of limitations</u>**

8. All events herein occurred in Jefferson County, Alabama.

**ANSWER: The Defendant admits the underlying State Court case No. CV-15-900693 was set in Jefferson County/Alabama.**

9. On or about February 20, 2015, LVNV filed a complaint in Jefferson County Circuit Court against the Plaintiff. The case was assigned case number CV -15-900693.

**ANSWER: Admitted.**

10. In this complaint, LVNV claimed Carson defaulted on an account with Citibank (South Dakota), N.A. ("Citibank") in the amount of$9,810.00.

**ANSWER: The allegations in Paragraph #10 of the Plaintiff refer to a court record that, being in writing, speaks for itself.  To the extent the allegations in Paragraph #10 of the Complaint regarding the content of such document are inconsistent with the actual language of the document, they are denied.**

11. LVNV further claimed Citibank assigned the rights to Carson's account to LVNV on or about September 4, 2008.

    **ANSWER:  Denied as phrased.**

12. On March 17, 2015, Carson filed an answer denying the allegations brought in LVNV's complaint, including the amount sought and the legality of the complaint due to the statute of limitations.

    **ANSWER: The allegations in Paragraph #12 of the Plaintiff refer to a court record that, being in writing, speaks for itself.  To the extent the allegations in Paragraph #12 of the Complaint regarding the content of such document are inconsistent with the actual language of the document, they are denied.**

13. Also on March 17, 2015, Carson filed a Motion for Summary Judgment seeking the dismissal of all claims LVNV brought against her. The basis of Plaintiffs summary judgment was that the action filed by LVNV was outside the applicable statute of limitations.

    **ANSWER: The allegations in Paragraph #13 of the Plaintiff refer to a court record that, being in writing, speaks for itself.  To the extent the allegations in Paragraph #13 of the Complaint regarding the content of such document are inconsistent with the actual language of the document, they are denied.**

14. On June 5, 2015, the Court granted Carson's Motion for Summary Judgment thus legally concluding Carson did not owe the amount stated by LVNV and the lawsuit LVNV filed was outside the applicable statute of limitations.

    **ANSWER: Denied as phrased.**

## Erroneous Accounting Practices

15. During litigation, LVNV produced several documents purporting to evidence the debt Carson owed to LVNV. These documents were produced in an attempt to refute Carson's contention in her motion for summary judgment that the debt was within the statute of limitations.

**ANSWER: The allegations in Paragraph #15 of the Complaint refer to purported documents that, being in writing, speak for themselves. To the extent the allegations in Paragraph #15 of the Complaint regarding the content of such documents are inconsistent with the actual language of the documents, they are denied.**

16. One of these documents was titled "Account Summary Report" ("Report") and allegedly created on February 24, 2015.

**ANSWER: Because the Plaintiff has not attached the said document referenced in Paragraph #16, Defendant has insufficient information to either admit or deny this averment as it is unclear if the parties are referring to the same document and Defendant demands strict proof thereof.**

17. The Report states that it is an attempt to collect a debt.

**ANSWER: Because the Plaintiff has not attached the said document referenced in Paragraph #17, Defendant has insufficient information to either admit or deny this averment as it is unclear if the parties are referring to the same document and Defendant demands strict proof thereof.**

18. The Report shows Carson allegedly made a payment of $50.00 toward the account on May 25, 2009. However, the report further shows that LVNV illegally and without justification added a $50.00 interest charge back into the alleged balance so that the balance on the account did not decrease.

**ANSWER: Because the Plaintiff has not attached the said document referenced in Paragraph #18, Defendant has insufficient information to either admit or deny this averment as it is unclear if the parties are referring to the same document and Defendant demands strict proof thereof. The Defendant denies any illegal actions.**

19. While Plaintiff has no recollection of making any payment as claimed by Defendant, Plaintiff claims that the practice of adding unjustified interest when a consumer makes a payment is done knowingly and intentionally by Defendant in order to maintain a higher balance on the account or in the alternative is done in an attempt to reset statutes of limitations.

**ANSWER: Denied.**

## COUNT ONE

## FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff alleges this action was done intentionally to and knowingly to order to increase the balance.

**ANSWER: Denied.**

21. The Defendant reincorporates its previous Answers as if fully set out herein.

22. The Defendant has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.*

**ANSWER: Denied.**

23. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, actual damages, and punitive damages.

**ANSWER: Denied.**

## COUNT TWO

## NEGLIGENCE

24. The Defendant reincorporates its previous Answers as if fully set out herein.

25. Defendant knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

    **ANSWER: Denied.**

26. Defendant knew or should have known that said conduct was Improper.

    **ANSWER: Denied.**

27. Defendant negligently failed to prevent and/or participated in improper collection activities.

    **ANSWER: Denied.**

28. As a result of the Defendant's negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

    **ANSWER: Denied.**

## COUNT THREE

## RECKLESSNESS AND WANTONNESS

29. The Defendant reincorporates its previous Answers as if fully set out herein.

30. Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

    **ANSWER: Denied.**

31. Defendant knew or should have known that said conduct was Improper.

    **ANSWER: Denied.**

32. Defendant recklessly and wantonly failed to prevent and/or participated in improper collection activities.

    **ANSWER: Denied.**

33. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

    **ANSWER: Denied.**

## COUNT FOUR

## NEGLIGENT TRAINING AND SUPERVISION

34. The Defendant reincorporates its previous Answers as if fully set out herein.

35. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

    **ANSWER: Denied.**

36. The Defendant knew or should have known that said conduct was improper.

    **ANSWER: Denied.**

37. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

    **ANSWER: Denied.**

38. The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to consumer's accounts.

    **ANSWER: Denied.**

39. As a result of the Defendant's negligence, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

    **ANSWER: Denied.**

## COUNT FIVE

## RECKLESS AND WANTON TRAINING AND SUPERVISION

40. The Defendant reincorporates its previous Answers as if fully set out herein.

41. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

    **ANSWER: Denied.**

42. The Defendant knew or should have known that said conduct was Improper.

    **ANSWER: Denied.**

43. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

    **ANSWER: Denied.**

44. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to consumer's accounts.

    **ANSWER: Denied.**

45. As a result of the Defendant's recklessly and wanton conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

    **ANSWER: Denied.**

## COUNT SIX

## INVASION OF PRIVACY

46. The Defendant reincorporates its previous Answers as if fully set out herein.

47. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings: Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

    **ANSWER: The Defendant pleads the content of the FDCPA is the best evidence of its meaning and denies this section of the FDCPA is applicable to this case.**

48. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiffs right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

  **ANSWER: Denied.**

49. Said invasions were intentional, willful, and malicious, and violated Plaintiffs privacy. Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

  **ANSWER: Denied.**

50. Said communications constitute the wrongful intrusion into their solitude and seclusion.

  **ANSWER: Denied.**

51. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

  **ANSWER: Denied.**

## COUNT SEVEN

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. The Defendant reincorporates its previous Answers as if fully set out herein.

53. The Plaintiff alleges that the Defendant's actions alleged were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon the Plaintiff and/or were done in reckless disregard of the probability of causing the Plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

  **ANSWER: Denied.**

54. As a result of the Defendant's conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

**ANSWER: Denied.**

## AMOUNT OF DAMAGES DEMANDED

As to the unnumbered paragraphs following Paragraph #54, the Defendant denies Plaintiff is entitled to relief requested and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The Defendant pleads the complaint fails to state a claim or cause of action upon which relief can be granted.

2. The Defendant denies any violation of the FDCPA and demands strict proof thereof.

3. The Defendant denies the Plaintiff has suffered any damages as a result of any act, error, or omission of this Defendant.

4. The Defendant pleads the statute of limitations.

5. The Defendant pleads failure to mitigate damages.

6. The Defendant pleads contributory negligence, to avoid waiver.

7. The Defendant denies it took any action to intentionally harm the Plaintiff and at all times acted in good faith, without malice or the intent to injure, and based on the information known to it.

8. Plaintiff's right to recover, if any, is limited to the FDCPA; the Defendant specifically denies any violation of that Act.

9. The Defendant pleads privilege, qualified privilege and conditional privilege.

10.     Punitive damages are not allowed under the Fair Debt Collection Practices Act; therefore, Defendant denies Plaintiff is entitled to punitive damages.

11.     Defendant denies it is guilty of conduct referable to which punitive damages could or should be award, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain to support or sustain the imposition of punitive damages against Defendant.

12.     Plaintiff cannot recover punitive damages against Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended and the Constitution of the United States unless Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

13.     Subjecting Defendant to punitive damages, or affirming an award of punitive damages against Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)     any award of punitive damages against Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

(b)     there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such award is subject to no predetermined limits;

(c)  use of the Alabama Pattern Jury Instructions in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d)  any punitive damages award would not be subject to post trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

(e)  the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(f)  under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the alleged wrongful or culpable conduct;

(g)  under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)  under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i)  an award of punitive damages should not be permitted to be assessed against Defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Defendant;

(j)  an award of punitive damages should not be permitted to be assessed against Defendant vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Defendant;

(k)  Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(l)  under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

    (m)    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant;

    (n)    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    (o)    the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

    (p)    the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

    (q)    an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant without due process of law.

14. Plaintiff is not entitled to punitive damages from Defendant pursuant to the facts as alleged in Plaintiff's Complaint.

15. Plaintiff's claim for punitive damages against Defendant is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

16. Imposition of punitive damages in this case against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

17. To award punitive damages against Defendant in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

18. In the event that any portion of a punitive damages award against Defendant in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than plaintiffs, such an award would violate the Excessive Fines Clause of the Eighth

Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

19. To award punitive damages against Defendant in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

20. Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

21. Plaintiff's claim for punitive damages violates the rights of Defendant to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

   (a) The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

   (b) The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate;

   (c) The Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

   (d) The Hammond and Green Oil procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

   (e) This procedure is inadequate in that the trial court according to Hammond and Green Oil "may" take certain factors into account and

    these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

  (f) The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

22. Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of <u>BMW of North America. Inc. v. Gore</u>, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (May 20, 1996).

23. The demand for punitive damages in the instant case is subject to these limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama, as amended.

24. The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and without effect. Under the United States Constitution, and the Constitution of the State of Alabama, the Alabama Supreme Court cannot abolish the punitive damages cap created by the legislature through judicial fiat. <u>Honda Motors Co. v. Oberg</u>, 512 U.S. 415, 431 (1994).

25. If multiple punitive damage awards were assessed against Defendant it would violate the Constitution of the United States and the State of Alabama, violating Defendant's rights to due process and to a jury trial and violating Defendant's right against double jeopardy.

26. The Defendant pleads the Plaintiff's damages, if any, were caused by the acts, errors or omissions of third parties for which this Defendant has no legal control or liability.

27. The Defendant pleads it acted at all times in compliance with applicable law, including the FDCPA.

28. The Defendant pleads unclean hands.

29. The Defendant pleads some or all claims are preempted by applicable federal law.

30. The Defendant pleads some or all claims may be subject to a binding arbitration agreement.

31. The Defendant asserts all applicable affirmative defenses available in Federal Rule of Civil Procedure 8(c).

32. The Defendant asserts all applicable affirmative defenses available in Federal Rule of Civil Procedure 12(b).

33. The Defendant denies it is a debt collector, but, to avoid waiver, pleads all available defenses pursuant to the Fair Debt Collection Practices Act, including the bona fide error defense.

34. The Defendant pleads unjust enrichment.

35. The Defendant pleads affirmation or reaffirmation.

36. The Defendant pleads the voluntary payment doctrine.

37. The Defendant pleads the underlying state court suit *LVNV Funding, LLC v. Carson* was timely filed.

38. The Defendant pleads the Plaintiff is not a real party in interest.

39. The Defendant pleads improper venue and forum non conveniens.

40. The Defendant pleads Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

41. Defendant pleads it took no action to cause intentional injury to the Plaintiff and at all times acted in good faith and without malice, knowledge of wrongdoing, recklessness, or willfulness.

42. LVNV did not act as a "debt collector" in this matter, as that term is defined by the FDCPA, and Plaintiff's claim fail as a result.

43. Defendant pleads the general issue.

44. The Defendant reserves the right to assert additional affirmative defenses as discovery continues.

## PRAYER FOR RELIEF

WHEREFORE, LVNV prays for an order and judgment of this Court in its favor and against Plaintiff as follows:

1. Dismissing all causes of action against it with prejudice and on the merits; and

2. Awarding it such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III
Tina Lam
*Attorneys for LVNV Funding, LLC*

**OF COUNSEL:**

FERGUSON, FROST, MOORE & YOUNG, LLP
Post Office Box 430189
Birmingham, Alabama  35243-0189
Telephone:    (205) 879-8722
Facsimile:    (205) 879-8831
Email:        ndm@ffmylaw.com
Email:        lam@ffmylaw.com

**CERTIFICATE OF SERVICE**

This is to certify that on the 16TH day of December, 2015 a copy of the foregoing document was served upon counsel for all parties to this proceeding by the following method:

|  |  |
|---|---|
| \_\_\_\_\_ | mailing the same by first-class United States mail, properly addressed and postage pre-paid |
| \_\_\_\_\_ | hand delivery |
| \_\_\_\_\_ | via facsimile |
| _X_ | E-File |

W. Whitney Seals, Esq.
PATE & COCHRUN, LLC
P.O. Box 10448
Birmingham, AL  35202-0448
filings@plc-law.com

John C. Hubbard, Esq.
JOHN C. HUBBARD, LLC
P.O. Box 953
Birmingham, AL  35201
jch@jchubbardlaw.com

/s/ Neal D. Moore, III
OF COUNSEL