Case 2:15-cv-01937-SGC   Document 12   Filed 01/26/16   Page 1 of 5



```
FILED
 2016 Jan-26  PM 03:08
 U.S. DISTRICT COURT
   N.D. OF ALABAMA
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| WANDA W. CARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | 2:15-CV-01937-SGC |
| LVNV FUNDING, LLC, ) | |
| ) | |
| Defendant. ) | |

## REPORT OF THE PARTIES' PLANNING MEETING

1. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties held a planning meeting by telephone on January 26, 2016. The participating counsel were as follows:

John Hubbard for Wanda W. Carson, Plaintiff

Tina Lam for Defendant, LVNV Funding, LLC

### (a) Plaintiff's brief narrative statement of the facts and the causes of action:

Plaintiff alleges that Defendant engaged in activity in violation of the FDCPA and applicable state laws by continuing to collect an alleged debt after Defendant brought suit against the Plaintiff and the Court dismissed Defendant's claims with prejudice.

### (b) Defendant's brief narrative statement of the facts and defenses:

Defendant attempted to collect a defaulted account owed by the Plaintiff. At all times, collection of the account was in compliance with federal and state laws. The account was referred to counsel for continued collection, including filing suit

{W0451898.1 }                                                                                    4845-0795-4690.01

if appropriate.  Defendant denies the allegations in Plaintiff's Complaint and denies violating any law with regards to the Plaintiff.

2. **Pre-Discovery Disclosures.** The parties will exchange by **April 1, 2016,** the information required by Federal Rule of Civil Procedure 26(a).[1]

3. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan[2]:

    (a)    Discovery will be needed on the following issues.

        (1)    Plaintiff's claims and Defendant's defenses.

        (2)    The facts and circumstances surrounding each and every affirmative defense of each Defendant and documents relating thereto.

        (3)    Plaintiff's alleged damages.

        (4)    Any expert testimony identified by any party.

        (5)    Plaintiff will need discovery including but not limited to the following subjects: all facts alleged in the Complaint and any subsequently filed Amended Complaint, including but not limited to the Defendant's activities and the Defendant's policies and procedures.

        (6)    Defendant will need discovery including but not limited to the following subjects: all facts alleged in the complaint, including but not limited to the Plaintiff's alleged damages (both economic and non-economic) and basis for claims of relief and any proof of the same.

---

[1] All documents exchanged in this case will be done so in the .pdf format when practicable.

[2] The parties agree, to the extent possible, that service of discovery can be perfected by email and which does not have to be followed by duplicative service through regular U.S. Mail. Further, service of pleadings will be perfected upon filing of the pleading with the court's CM-ECF system with no party requiring service by U.S. Mail.

        Defendant expects it will need discovery related to the Plaintiff's credit history and payments made from Plaintiff's bank accounts.

(b)   All discovery shall be commenced in time to be completed by – **October 3, 2016.**

(c)   A maximum of thirty (30) interrogatories by each party to any other party. (Responses due 30 days after service).

(d)   A maximum of thirty (30) requests for production by each party to any other party. (Responses due 30 days after service).

(e)   A maximum of thirty (30) requests for admission by each party to any other party. (Responses due 30 days after service).

(f)   A maximum of ten (10) depositions for each party (not to include expert witness depositions), excluding depositions upon written questions.

(g)   Reports from retained experts under Rule 26(a)(2) shall be due:

    (1)   From the Plaintiff by **June 1, 2016**; depositions of Plaintiff's experts to be completed by **July 1, 2016.**

    (2)   From the Defendant by **August 1, 2016**; depositions of Defendant's experts to be completed by **September 1, 2016.**

(h)   Supplementations under Rule 26(e) shall be due on **August 18, 2016.**

(i)   Disclosure of discovery of electronically stored information (ESI) should be handled as follows:

    (1)   The production of ESI should be done in .pdf format when practicable.

    (2)   If any party withholds information claiming a privilege or protection as trial-preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced

or disclosed which will enable other parties to assess the applicability of the privilege or protection.

(3) All parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material.

4. **Other Items.**

(a) The parties do not request a conference with the court before entry of the scheduling order.

(b) The parties request a pre-trial conference on or about **January 13, 2017.**

(c) Plaintiff should be allowed **May 20, 2016** to join additional parties and amend the pleadings.

(d) Defendant should be allowed until **June 20, 2016** to join additional parties and amend the pleadings.

(e) All potentially dispositive motions should be filed by **November 4, 2016.**

(f) Settlement of the case may be possible, but at this time alternative dispute resolution procedures do not appear to be necessary. If any of the parties believe the use of alternative dispute resolution procedures may be beneficial in resolving this case, the parties, individually or jointly, will so advise the court.

(g) Witness and Exhibit lists under Rule 26(a)(3) shall be due **30 days** prior to trial. The parties will have **14 days** after receipt of Witness and Exhibit Lists to list objections under Rule 26(a)(3).

(h) The case should be ready for trial by **March 2017** and should take approximately three (3) to four (4) days to try.

(i) The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other

papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

Dated this 26th day of January, 2016.

*/s/W. Whitney Seals, Esq.*
W. Whitney Seals, Esq.
PATE & COCHRUN, LLC
P.O. Box 10448
Birmingham, AL  35202-0448
whitney@plc-law.com
*Attorney for Plaintiff*

*/s/ Neal D. Moore, III*
Neal D. Moore, III
Tina Lam
Ferguson Frost Moore & Young, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama  35243
(205) 879-8722 phone
(205) 879-8831 fax
ndm@ffmylaw.com
lam@ffmylaw.com
*Attorneys for Defendant*

*/s/John C. Hubbard, Esq.*
John C. Hubbard, Esq.
JOHN C. HUBBARD, LLC
P.O. Box 953
Birmingham, AL  35201
jch@jchubbardlaw.com
*Attorney for Plaintiff*